Allison C. Eckstrom, California Bar No. 217255
allison.eckstrom@bclplaw.com
Karina Lo, California Bar No. 322909
karina.lo@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendant
HYDRO EXTRUSION USA, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| FERNANDO CERVANTES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HYDRO EXTRUSION USA, LLC, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>(Los Angeles County Superior Court Case No. 21STCV04828)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION OF DEFENDANT HYDRO EXTRUSION USA, LLC UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**(DIVERSITY JURISDICTION)**<br><br>*[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Corporate Disclosure Statement; Declaration of Karina Lo; Declaration of Eddie Lopez and Declaration of Robert Rubicky]* |

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

# TABLE OF CONTENTS

**Page(s)**

PROCEDURAL BACKGROUND ..... 1
REMOVAL IS TIMELY ..... 2
PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL BASED ON DIVERSITY GROUNDS ..... 2
Complete Diversity of Citizenship Exists Between Plaintiff and Defendant ..... 3
The Citizenship of the DOE Defendants Must be Disregarded. ..... 5
The Alleged Amount in Controversy Exceeds $75,000 ..... 5
THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. SECTION 1446 ARE SATISFIED ..... 9
CONCLUSION ..... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abrego v. Dow Chemical Co.*,
443 F.3d 676 (9th Cir. 2006) ........ 5

*Aleman v. AirTouch Cellular*,
209 Cal. App. 4th 556 (2012) ........ 7

*Bandoy v. Huh*,
1996 WL 675975 (Super. Ct. 1996) ........ 7

*Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*,
465 F.2d 489 (9th Cir. 1972) ........ 5

*Brill v. Countrywide Home Loans, Inc.*,
427 F.3d 446 (7th Cir. 2005) ........ 5

*Coleman v. Estes Express Lines, Inc.*,
730 F. Supp. 2d 1141 (C.D. Cal. 2010) ........ 4

*Fristoe v. Reynolds Metals Co.*,
615 F.2d 1209 (9th Cir. 1980) ........ 4

*Fritsch v. Swift Transportation Co. of Ariz., LLC*,
899 F.3d 785 (9th Cir. 2018) ........ 6

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) ........ 6

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ........ 5

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007) ........ 4

*Guglielmino v. McKee Foods Corp.*,
56 F.3d 696 (9th Cir. 2007) ........ 8

*Hines v. Premier Power Renewable Energy, Inc.*,
2014 WL 6674083 (Cal. App. 4th Dist. Nov. 25, 2014) ........ 6

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) .................... 2

*Keszey v. Red Hawk Fire & Sec. (CA), LLC*,
2015 WL 3542305 (Cal. App. 2d Dist. June 5, 2015) .................... 6

*Margolin v. Regional Planning Comm'n*,
134 Cal. App. 3d 99 (1982) .................... 6

*Morley v. United Parcel Serv., Inc.*,
2010 WL 4631293 (Ct. App. Nov. 17, 2010) .................... 7

*Muniz v. Pilot Travel Centers LLC*,
No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504 (E.D. Cal., May 1, 2007) .................... 4

*Parcell Steel Co. v. Sauer*,
2012 WL 662307 (Cal. App. 4th Dist. Feb. 28, 2012) .................... 7

*Singer v. State Farm Mut. Auto. Ins. Co.*,
116 F.3d 373 (9th Cir. 1997) .................... 5

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
303 U.S. 283 (1938) .................... 5

*Taylor v. United Rd. Servs., Inc.*,
313 F. Supp. 3d 1161 (E.D. Cal. 2018) .................... 6

**Statutes**

28 U.S.C. § 1332 .................... 0, 1, 3, 8

28 U.S.C. § 1441 .................... 0, 1, 4, 8

28 U.S.C. § 1446 .................... 1, 8

California Business and Professions Code .................... 1

California Labor Code .................... 1, 5, 7

**Other Authorities**

Federal Rule of Civil Procedure 7.1 .................... 8

>

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF FERNANDO CERVANTES AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Hydro Extrusion USA, LLC ("Defendant" or "Hydro") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. section 1332(a), 28 U.S.C. section 1441, and all other applicable bases for removal, on the grounds that diversity jurisdiction exists between the parties.

Plaintiff Fernando Cervantes ("Plaintiff") is a "citizen of a State different from" Defendant and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The facts supporting the Court's original jurisdiction were true at the time Plaintiff filed his Complaint in this matter and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below:

**PROCEDURAL BACKGROUND**

1. On February 8, 2021, Plaintiff filed a Complaint against Defendant (the "Complaint"), entitled *Fernando Cervantes, an individual v. Hydro Extrusion USA, LLC, a Delaware Corporation; and DOES 1 through 50, inclusive*, in Los Angeles County Superior Court, Case Number 21STCV04828 (the "State Court Action"). A true and correct copy of the Complaint, which was served on Defendant's agent for service of process, CT Corporation System, Los Angeles, is attached as **Exhibit A**.

2. In addition to the Complaint, true and correct copies of the following documents are attached: (1) the Summons is attached as **Exhibit B**; (2) the Civil Case Cover Sheet is attached as **Exhibit C**; (3) the Notice of Case Assignment - Unlimited Civil Case is attached as **Exhibit D**; (4) Order to Show Cause Failure to File Proof of Service is attached as **Exhibit E**; (5) the Notice of Case Management Conference is

attached as **Exhibit F**; (6) the Peremptory Challenge to Judicial Officer is attached as **Exhibit G**; (7) the Proof of Service of Summons is attached as **Exhibit H**; (8) the Minute Order is attached as **Exhibit I**; and (9) Certificate of Mailing is attached as **Exhibit J**.

3. Exhibits A through J to this Notice of Removal constitute all pleadings, processes, and orders served in this action at the time of removal.

4. Plaintiff alleges the following causes of action against Defendant: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Promissory Estoppel; (4) Failure to Pay All Wages Due; (5) Failure to Pay All Wages Upon Separation Pursuant to Labor Code Sections 201-203; and (6) Unfair Competition California Business and Professions Code Section 17200 *et. seq*. *See* Ex. A, Compl., ¶¶ 1-46.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of this Notice of Removal to all adverse parties and to the Clerk of the state court.

**REMOVAL IS TIMELY**

6. This action has not previously been removed to federal court.

7. In general, a defendant must file its notice of removal within thirty (30) days after receipt of the first pleading in the state action that sets forth a removable claim. 28 U.S.C. § 1446(b)(1). This Notice of Removal is timely as it is being filed less than thirty (30) days after February 11, 2021, the date on which Defendant's agent for service of process was served with a copy of the Complaint, and within one year of Plaintiff's filing of the State Court Action.

**PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL BASED ON DIVERSITY GROUNDS**

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and is properly removable pursuant to the provisions of 28 U.S.C. §§ 1441(a) and (b) because (1) there is complete diversity of citizenship

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

between Plaintiff and Defendant; and (2) the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

**Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

9. **Plaintiff is a Citizen of the State of California.** A person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Plaintiff's Complaint alleges that he was at all times relevant herein a resident of the County of Orange, State of California, and that he worked for Defendant in the City of Industry, California. Ex. A, Compl. ¶¶ 1, 11; Declaration of Robert Rubicky ("Rubicky Decl."), ¶ 3. Defendant's records reflect that Plaintiff was a resident of Orange County, California during his employment with Defendant until his voluntary resignation on or about October 1, 2020. Rubicky Decl., ¶ 3; Ex. A, Compl. ¶ 1. In or about October 2020, Plaintiff moved his residency to the State of Indiana with the intention of remaining in the State of Indiana indefinitely. Declaration of Eddie Lopez, ¶¶ 2-4. Thus, Plaintiff is, and was at the commencement of this action, a citizen of the State of Indiana.

10. **Defendant is a Citizen the State of Delaware.** As shown in paragraph 4 of the Declaration of Robert Rubicky (filed concurrently with this Notice of Removal) and the excerpt from the California Secretary of State's Business Entity Search website, shown below, Defendant is a Delaware limited liability company.

201803710693 HYDRO EXTRUSION USA, LLC

| | |
|---|---|
| **Registration Date:** | 01/04/2018 |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE, (C1592199)<br>To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 6250 N. RIVER ROAD, SUITE 5000<br>ROSEMONT IL 60018 |
| **Entity Mailing Address:** | 6250 N. RIVER ROAD, SUITE 5000<br>ROSEMONT IL 60018 |

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

Rubicky Decl. ¶ 4, Exhibit B, URL at http://businesssearch.sos.ca.gov/ (Entity Name Searched = "Hydro Extrusion USA, LLC").

11. As a limited liability company, Defendant is deemed to be a citizen of any state where a member is a resident or citizen. 28 U.S.C. § 1332(c)(1).

12. The sole member of Defendant is Hydro Holding North America, Inc. Rubicky Decl., ¶ 5.

13. At the time of the filing of this action, as shown below, Hydro Holding North America, Inc. was, and still is, a corporation incorporated under the laws of the State of Delaware with its principal place of business and headquarters in the State of Illinois.

C4276200 HYDRO HOLDING NORTH AMERICA, INC.

| | |
|---|---|
| **Registration Date:** | 05/10/2019 |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE (C1592199)<br>To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 6250 N RIVER ROAD SUITE 5000<br>ROSEMONT IL 60018 |
| **Entity Mailing Address:** | 6250 N RIVER ROAD SUITE 5000<br>ROSEMONT IL 60018 |

Rubicky Decl. ¶ 5, Exhibit C, URL at http://businesssearch.sos.ca.gov/ (Entity Name Searched = "Hydro Holding North America, Inc.").

14. Hydro Holding North America, Inc.'s corporate headquarters are located in the State of Illinois. Rubicky Decl. ¶ 5. Its officers direct, control, and coordinate its activities from that location, and the majority of its U.S.-based executive and administrative functions are performed from the headquarters in Illinois. Rubicky Decl., ¶ 5. For removal purposes, Hydro Holding North America, Inc. is a citizen of the States of Delaware and Illinois. Accordingly, Defendant is also a citizen of the States of Delaware and Illinois.

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

15. Because Plaintiff is a citizen of Indiana and Defendant is a citizen of Delaware and Illinois, complete diversity of citizenship exists between Plaintiff and Defendant.

**The Citizenship of the DOE Defendants Must be Disregarded.**

16. The Complaint also names as defendants "DOES 1-10." Defendant is informed and believes, and on that basis alleges, that none of the fictitiously named defendants has been served with a copy of the Summons and Complaint. Therefore, the fictitiously named defendants are not parties to the above-captioned action and need not consent to removal. *See* 28 U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Doe" defendants need not be joined in a removal petition).

17. Thus, Defendants "DOES 1 through 10" are fictitious defendants whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a).

**The Alleged Amount in Controversy Exceeds $75,000[1]**

18. Although Defendant denies any liability as to Plaintiff's claims, the amount-in-controversy in this action exceeds the sum of $75,000. In general, courts in the Ninth Circuit recognize that a removing defendant's burden is not "daunting," and does not obligate the removing defendant to "research, state, and prove the plaintiff's claim for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1158 (C.D. Cal. 2010) (citing *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal., May 1, 2007)). Defendant need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be

[1] Defendant denies any liability whatsoever with respect to Plaintiff's claims. The sole purpose of this removal is to establish the amount that is in controversy with respect to Plaintiff's claims.

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

19. The amount in controversy is determined from the allegations and prayer of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). If the complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

20. An action may be removed if a defendant establishes, by a preponderance of the evidence, that the aggregate amount-in-controversy exceeds the jurisdictional amount. *See Abrego v. Dow Chemical Co.,* 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491 (9th Cir. 1972). The Court may, for removal purposes, look to the pleadings for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

21. As set forth below, the amount-in-controversy in this action exceeds the jurisdictional minimum of $75,000.

22. **Severance Agreement.** Plaintiff's Complaint alleges damages, including damages allegedly owed under a contract allegedly entered into orally and in writing, wherein Defendant agreed to pay severance payments totaling $46,664.00. Compl. ¶¶ 19-20, 23-24, 27-30. Plaintiff claims damages and other economic losses, including the severance payments of **$46,664.00**. *Id.* at ¶¶ 19-21, 23-25, 27-32, 34-35.

23. **Waiting Time Penalties.** Plaintiff further seeks waiting time penalties pursuant to California Labor Code § 203, equal to his daily wage for thirty (30) days. Compl., ¶¶ 38-40.

24. For purposes of calculating the amount in controversy, at the time of his voluntary resignation of employment, Plaintiff's annual salary was approximately

$186,656.08 (*i.e.*, $89.7385 per hour). Rubicky Decl., ¶ 6. Because Plaintiff resigned from his employment more than 30 days from the date of this Removal, Plaintiff's waiting-time penalty claim amounts to **$21,537.24** (*i.e.*, $89.7385 per hour x 8 hours per day x 30 days).

25. **Attorneys' fees.** Plaintiff seeks attorneys' fees in connection with his claims. *See* Ex. A, Compl., ¶¶ 36, 46, Prayer for Relief, ¶ 6. Attorneys' fees are properly included in the amount in controversy. *Taylor v. United Rd. Servs., Inc.*, 313 F. Supp. 3d 1161, 1180 (E.D. Cal. 2018) ("The Ninth Circuit has held that for purposes of determining subject-matter jurisdiction, attorneys' fees can be taken into account in determining the amount in controversy if statute authorizes fees to a successful litigant") (internal quotations marks and citation omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

26. Moreover, where, as here, a plaintiff seeks to recover attorneys' fees, the court must consider **future** attorneys' fees when determining the amount in controversy. *Fritsch v. Swift Transportation Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *Margolin v. Regional Planning Comm'n*, 134 Cal. App. 3d 99 (1982).

27. Notably, attorneys' fees for similar claims involving breach of contract and wage claims, particularly those involving contracts entered into between an employer and its employee, often range from $120,000 to $275,000. *See e.g., Keszey v. Red Hawk Fire & Sec. (CA), LLC*, 2015 WL 3542305 (Cal. App. 2d Dist. June 5, 2015) (affirming the court's award of $390,469.50 in attorney fees for claims including failure to pay earned wages, breach of contract, promissory estoppel); *Hines v. Premier Power Renewable Energy, Inc.*, 2014 WL 6674083 (Cal. App. 4th Dist. Nov. 25, 2014) (affirming the lower court's award of $122,378 in

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

attorney fees for similar claims, including breach of contract of a compensation agreement between an employer and employee); *Parcell Steel Co. v. Sauer*, 2012 WL 662307 (Cal. App. 4th Dist. Feb. 28, 2012) (affirming awards of $214,270 and $272,109.50 in attorney fees); *Morley v. United Parcel Serv., Inc.*, 2010 WL 4631293 (Ct. App. Nov. 17, 2010) (affirming the court's award of $139,000 in attorney fees for wage and hour claims and a cross-complaint for breach of contract).

28. Similarly, attorneys' fees for individual claims based on California Labor Code violations often range anywhere from $70,000 to $150,000. *See Aleman v. AirTouch Cellular*, 209 Cal. App. 4th 556, 583 (2012) (awarding $146,000 and $140,000 in attorneys' fees to two individuals for labor code violation claims); *Bandoy v. Huh*, 1996 WL 675975 (Super. Ct. 1996) (awarding $73,680 in attorneys' fees in a single plaintiff wage and hour action).

29. Given the awards of attorneys' fees in similar actions, attorneys' fees in the amount of **$50,000** is a conservative and a reasonable estimate of fees.

**<u>Amount of Controversy</u>**

| | |
|---|---|
| Damages | $46,664.00 |
| Waiting Time Penalties | $21,537.24 |
| Attorneys' Fees | $50,000.00 |
| **Total:** | **$118,201.24** |

30. Notably, these figures do not include Plaintiffs' request for punitive damages, which would only serve to further increase the amount in controversy. *See* Compl., Prayer for Relief ¶ 4.

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

31. Based on the foregoing, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000. As set forth above, Defendant need only provide evidence that it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum. *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Once this has been established, Plaintiff must demonstrate, to a "legal certainty," that the amount in controversy is less than this amount. Here, Plaintiff will be unable to do so.

32. For these reasons, this action is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

**THE PROCEDURAL REQUIREMENTS OF**
**28 U.S.C. SECTION 1446 ARE SATISFIED**

33. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District in which the action is pending. The Los Angeles County Superior Court is located within the Central District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

34. In accordance with 28 U.S.C. section 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice of Removal.

35. In accordance with 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California, for the County of Los Angles. Notice of Compliance shall be filed promptly afterwards with this court.

36. As required by Federal Rule of Civil Procedure 7.1, Defendant concurrently filed its Corporate Disclosure Statement.

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
Irvine, California 92614-7276

**CONCLUSION**

For the foregoing reasons, Defendant hereby removes the above-entitled action to United States District Court for the Central District of California.

Dated: March 15, 2021

Allison C. Eckstrom
Karina Lo
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Karina Lo*
Karina Lo
Attorneys for Defendant
HYDRO EXTRUSION USA, LLC